IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANISHA YOUNG and ATIBA KENYATTA, Individually and on behalf of their daughter Z.K., a minor | CIVIL ACTION |
| Plaintiffs, | |
| v. | 18-2803 |
| TEMPLE UNIVERSITY HOSPITAL, ET AL. | |
| Defendants. | |

**Goldberg, J.**                                                      **January 3, 2019**

## MEMORANDUM

Currently pending before me is the Motion to Remand filed by Plaintiffs Shanisha Young and Atiba Kenyatta, individually and on behalf of their daughter Z.K., a minor. For the following reasons, the Motion will be granted and the case will be remanded to the Court of Common Pleas for Philadelphia County.

### I. FACTUAL BACKGROUND

According to the facts set forth in the Complaint, Plaintiff Young was admitted to Temple University Hospital ("Temple") on the morning of February 27, 2016, for the birth of her child. The attending physician was Dr. Shweta Shrivatsa, and the residents from Temple assisting with the delivery were Dr. Scott Jordan and Dr. Erin Cavanaugh. The Complaint alleges that the doctors improperly diagnosed Plaintiff's condition and delayed delivery of the baby, resulting in severe brain damage to the child and scarring on Plaintiff's bladder.

Plaintiffs filed a Writ of Summons in the Court of Common Pleas in Philadelphia on February 26, 2018, and filed their Complaint on May 31, 2018. The Complaint alleges counts of negligence against Defendants Temple, Dr. Shrivatsa, and Drs. Jordan and Cavanaugh; corporate negligence against Temple; and negligent infliction of emotional distress against all Defendants.

On July 2, 2018, Temple removed the case to this Court, based on an assertion that Dr. Shrivatsa was a federal employee and is therefore subject to federal jurisdiction. Although the Attorney General had yet to deem Dr. Shrivatsa a federal employee, Temple averred that she was a Public Health Service ("PHS") employee of a federally-funded health clinic—Delaware Valley Community Health, Inc. ("DVCH")—which was subject to a shared coverage agreement with Temple, and that she was acting in the scope of her employment at the time of the delivery. Temple and the other doctors brought cross-claims against the United States and Dr. Shrivatsa for contribution and indemnity.

On August 3, 2018, Plaintiffs filed this motion to remand, alleging that Defendants had insufficiently proven that Dr. Shrivatsa was a federal employee. Thereafter, on August 15, 2018, the United States certified that Dr. Shrivatsa was a federal employee of the PHS pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(g), and that she was acting within the scope of her employment at the time of the allegations.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of a plaintiff's service of the complaint upon the defendant. 28 U.S.C. § 1446(b).

The defendants bear the burden of establishing that removal jurisdiction is proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. 28 U.S.C. § 1447(c). Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993). Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). Because proceeding in a case without valid subject matter jurisdiction would make any decree in the case void, removal statutes are strictly construed and all doubts are resolved in favor of remand. Id.

### III. DISCUSSION

As set forth above, Defendant Temple University Hospital's basis for removal to federal court was the FSHCAA, 42 U.S.C. § 233(a). That statute provides that the exclusive remedy for the medical malpractice of employees or contractors of the Public Health Service is the remedy provided against the United States under the Federal Tort Claims Act ("FTCA"). 42 U.S.C. § 233(a); Allen v. Christenberry, 327 F.3d 1290 (11th Cir. 2003).

For an employee (in this case, a doctor), to be covered under the FTCA, the employee must be "deemed" an employee of the PHS. 42 U.S.C. § 233(g)(1)A). Section 233 sets forth this procedure:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out

3

> of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending. . . .

42 U.S.C. § 233(c). Following the United States' certification and removal to federal court, as outlined above, the United States may move the court to dismiss the employee from the case and substitute the United States in his/her place. See Bilyeu v. Phoenixville Hosp. Co., No. 17-1456, 2017 WL 2572515, at *2 (E.D. Pa. June 14, 2017). Alternatively, if the Attorney General fails to appear in state court within fifteen days of being notified of the suit, and therefore does not provide the necessary certification, the employee may nonetheless remove the action to federal court. 42 U.S.C. § 233(*l*)(2).

The procedure outlined above was not followed in this case. Temple, *not* the United States, removed the case to federal court, and did so *before* the United States certified that Dr. Shrivatsa was a federal employee and was acting in the scope of her employment at the time of the incident in question. Thus, at the time of removal, there was no federal jurisdiction. Although the United States has now provided that certification, Temple filed its petition for removal on July 2, 2018, over one month prior to the certification from the United States.

The Eleventh Circuit faced a similar situation in Allen v. Christenberry, supra. There, in a medical malpractice action originally filed in state court, the physician defendants removed the case to federal district court on grounds that they were federal employees under the FSHCAA. Allen, 327 F.3d at 1293. The removal was filed after the Secretary of the United States Department of Health and Human Services informed the defendants that they were not going to be deemed employees of PHS. Id. After the district court denied a motion to remand, the Eleventh Circuit reversed on grounds that neither of the two circumstances in § 233(*l*) that authorize removal had

4

occurred: the Attorney General did not certify that the defendants were federal employees acting within the scope of their employment at the time of the incident, nor did the Attorney General fail to make an appearance in state court within fifteen days of being notified, which would have allowed the employees to remove themselves. Id. at 1295. The court held that, "in the FSHCAA, Congress left the determination of the defendants' employment status to the Secretary of HHS and predicated removal upon either an affirmative deeming by the Secretary or the Attorney General's failure to appear and advise the court within a prescribed period of time. Neither occurred in this case, and we may not rewrite the statute." Id. at 1296 (citing 42 U.S.C. § 233(g)–(h), (l)) (internal citations omitted).

I find the Eleventh Circuit's analysis persuasive and applicable to the facts before me. At the time of removal, the United States had not yet deemed Dr. Shrivatsa a federal employee acting within the scope of her employment during the relevant time period, nor had Dr. Shrivatsa herself removed the case to federal court after a failure by the Attorney General to make an appearance in the case within fifteen days of the filing in state court. Instead, it was Temple that prematurely removed the case based on a belief that Dr. Shrivatsa had federal employee status. But the statute does not bestow this authority upon a third-party—only the United States and the employee have the statutory authority to remove pursuant to § 233. Accordingly, removal to federal court was improper.

While I recognize that jurisdiction in this case may ultimately be proper, I must apply the controlling statute, which dictates that the removal by Temple University Hospital deprived the court of subject matter jurisdiction. Moreover, because no federal subject matter jurisdiction existed based on the facts alleged in Plaintiffs' Complaint, this removal defect at issue is jurisdictional and thus not waivable. The Third Circuit has held that "[a]n irregularity in removal

5

of a case to federal court is to be considered 'jurisdictional' . . . if the case could not initially have been filed in federal court." Abulkhair v. Liberty Mut. Ins. Co., 379 F. App'x 130, 132 (3d Cir. 2010) (quoting Korea Exchange Bank v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir.1995)). "The rule is well-settled that although removal proceedings are in the nature of process, and thus defects in the removal procedure are waivable, an absolute nonwaivable requirement is that federal subject matter jurisdiction to adjudicate the dispute exists." Allbritton Commc'ns Co. v. N.L.R.B., 766 F.2d 812, 820 (3d Cir. 1985). "[A] defect in subject matter jurisdiction can never be deemed harmless error, and perhaps time lost now will later spare the party that ultimately prevails the pain and annoyance of collateral attacks on the final judgment." Abels, 770 F.2d at 34.

Accordingly, I will remand the case back to state court for further proceedings consistent with this opinion.